# UNITED STATES BANKRUPTCY COURT
# FOR THE EASTERN DISTRICT OF KENTUCKY
# LONDON DIVISION

IN RE:

PINEVILLE COMMUNITY HOSPITALCase No. 18-61486
ASSOCIATION, INC.(Chapter 7)

DEBTOR

## JOINT MOTION OF
## CHAPTER 7 TRUSTEE and FIRST STATE BANK OF THE
## SOUTHEAST, INC. and PINEVILLE MEDICAL CENTER, LLC
## (i) REQUESTING MEDIATION ON
## THE ISSUE OF VALUATION OF PERSONAL PROPERTY
## COMPONENT OF THE SALE; TO
## (ii) LIMIT AND SHORTEN NOTICE; AND TO
## (iii) GRANT RELIEF REQUESTED WITHOUT A HEARING

\*\* \*\* \*\* \*\* \*\* \*\* \*\*

Come now (i) the Trustee, J. Clair Edwards (the "Chapter 7 Trustee"), solely in her capacity as the Trustee for the Chapter 7 Bankruptcy Estate of Pineville Community Hospital Association, Inc. (the "Debtor"), (ii) First State Bank of the Southeast, Inc. ("First State" or "Purchaser"), and (iii) Pineville Medical Center, LLC ("PMC") (the Chapter 7 Trustee, First State, and PMC shall hereafter be referred to as the "Parties"), and hereby respectfully request that this Court enter an Order referring this case to mediation before Hon. Judge Tracey Wise on the issue of valuation of the personal property component of the sale. The Parties further request that notice of this motion be limited to those individuals and entities designated to receive electronic notice, that the Notice and Objection period be shortened to five (5) days, and that this Court grant the relief requested without a hearing if no objections are filed within five (5) days.

For their Motion, the Parties state as follows:

**Background**

1. On November 29, 2018 (the "Petition Date"), the Debtor filed its voluntary Petition for relief under Chapter 7 of the Bankruptcy Code in the United States Bankruptcy Court for the Eastern District of Kentucky.

2. At the commencement of the case, the Debtor was acting solely as a landlord and the hospital was occupied and operated by Pineville Medical Center, LLC ("PMC"). The Chapter 7 Trustee alleged that PMC failed to pay rent and filed an Adversary Proceeding to collect unpaid post-petition rent. (*Clair Edwards, Trustee v. Pineville Medical Center, LLC*, Adv. Proc. 19-06007). PMC denied any liability to the Trustee or the Debtor's bankruptcy estate.

3. On June 3, 2019, this Court entered an Order (Doc. 147) (the "Order of Compromise") approving a global compromise between the Chapter 7 Trustee and PMC. One of the main components of the Order of Compromise was that the Chapter 7 Trustee would waive her claims against PMC in exchange for PMC's turnover of its personal property located at the hospital. The Chapter 7 Trustee could then sell the entire hospital operation (both real estate and personal property) as a going concern under §363 of the Bankruptcy Code.

4. The Order of Compromise approved, among other things, a Proceeds Sharing Agreement (Doc. 144) (the "Proceeds Sharing Agreement"), which governed the division of sales proceeds from the Estate's personal property. The Proceeds Sharing Agreement provided for PMC and the Estate to split the "net cash proceeds" from the sale

of the personal property. The Chapter 7 Trustee and PMC would need to agree upon the allocation of the sales proceeds between personal property and real property. If the Chapter 7 Trustee and PMC were unable to agree, the final decision would be made by a qualified valuation expert as approved by the Court.

5. On August 4, 2019, the Chapter 7 Trustee and PMC agreed as part of yet another compromise upon $233,333.33 as the figure allocated to the purchase price for the Bankruptcy Estate's personal property. $233,333.33 was a settlement value, and PMC believes that the value of the personal property may actually be much higher.

6. On June 20, 2019, this Court entered an Order Authorizing Sale and Bidding Procedures (Doc. 187) (the "Sale Order") which allowed the Chapter 7 Trustee to sell substantially all of the Bankruptcy Estate's Assets.

7. On August 7, 2019 and August 11, 2019, this Court entered Orders (Docs. 252, 257) confirming the sale and extending the option to one or both of the first-priority mortgage creditors to submit a bid. On August 13, 2019, the Chapter 7 Trustee filed a Notice (Doc. 265) indicating that First State had exercised its option to purchase. The sale closed on September 4, 2019.

8. The Purchaser First State has disputed the $233,333.00 figure, and asserted that the personal property portion of the purchase price should be $50,000. Subsequently, the Chapter 7 Trustee and the Purchaser First State agreed that First State would pay $100,000.00 at closing, and hold back the balance (if any) of the purchase price for the personal property of up to $133,000.00. Purchaser First State would pay the amount over the $100,000 paid at closing (if any) within ten (10) days of any agreement or determination

of value by the Parties or the Court, or be refunded any amount due to First State in the event it is deemed to have overpaid. The parties have negotiated in good faith and have been unable to reach an agreement. Before incurring the expense associated with a resolution by the Court, the parties respectfully requests that the Court refer this dispute to mediation before Judge Wise. A mediation of the Parties' dispute will have the effect of continuing settlement discussions in a forum which is less costly than an Evidentiary Hearing but also formally administered by a Bankruptcy Judge.

9. Because of the heavy travel schedule of PMC's representative Grant White, PMC has consented to mediation on the condition that neither Mr. White nor any other business representative of PMC be required to personally attend the mediation, and that Mr. White or any other business representative of PMC may be authorized to participate by telephone.

10. The Parties further request that the Notice and Objection period be shortened to five (5) days. Time is of the essence in this matter, because this is an important component necessary to finalizing the closing of the sale.

11. The Parties further respectfully request that, pursuant to KYEB LBR 2002-1(a) and 9013-1(a) unless an objection is filed within five (5) days, that the relief be granted without a hearing. If no objection is filed, then a hearing would serve no purpose.

12. The Parties further request that notice of this motion be limited to those individuals and entities designated to receive electronic notice. The relief requested herein is intended to seek a forum to efficiently and quickly resolve a dispute, and the burden of

serving all creditors outweighs benefit to the Bankruptcy Estate. Only those parties most interested in the Bankruptcy Case will receive notice of this matter.

WHEREFORE, for the reasons set forth above, the Chapter 7 Trustee and First State and PMC respectfully request that this Court enter an Order referring this case to mediation before Hon. Judge Tracey Wise on the issue of valuation of the personal property component of the sale. The Parties further request that notice be limited to those individuals and entities listed on this Court's electronic mailing list, that the notice and objection period be limited to five (5) days, and that no hearing be held if no objection is filed.

## **NOTICE**

**Please take notice that parties in interest shall have 5 days from the date of this Motion within which to file any objection to the Motion and a notice of hearing on such objection. If no objection is timely filed, an order will be tendered to the Court and may be entered without a hearing on the Motion.**

Dated this the 20th day of September, 2019.

Respectfully Submitted,

*/s/ Stephen Barnes*
Stephen Barnes, Attorney
KY Bar ID No. 89762
Walther, Gay & Mack, PLC
163 E. Main Street, Suite 200
P.O. Box 1598
Lexington, KY 40588-1598
(tel) (859) 225-4714
(fax) (859) 225-7983
sbarnes@wgmfirm.com
www.wgmfirm.com
ATTORNEY FOR THE TRUSTEE

    */s/ John M. Sosbe* (with permission)
John M. Sosbe, Attorney
KY Bar ID No. 94510
Cook & Watkins, PLC
306 N. Hamilton Street
Georgetown, KY  40324
 (tel) (502) 570-0022
john@cookwatkins.com
ATTORNEY FOR FIRST STATE
BANK OF THE SOUTHEAST, INC.

    */s/ James Irving* (with permission)
James R. Irving, Attorney
KY Bar ID No. 96048
Aaron W. Marcus, Attorney
KY Bar ID No. 96178
Bingham Greenebaum Doll
3500 PNC Tower
101 South Fifth Street
Louisville, KY  40202
(502) 587-3606 (tel)
JIrving@bgdlegal.com
COUNSEL FOR PMC

## **CERTIFICATE OF SERVICE**

      This is to certify that a copy of the foregoing was served, electronically by the Court, on those individuals and entities designated to receive electronic notice, on this the 20th day of September, 2019.

                                */s/ Stephen Barnes*
                                ATTORNEYS FOR THE TRUSTEE